NO. 3:09-CV-1082-N

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

**CHONG ANN KIM,**
                                                                  *Appellant,*

v.

**ODES HO KIM,**
                                                                    *Appellee,*

-and-

**DOME ENTERTAINMENT CENTER, INC.,**
                                                   *Intervenor, Appellee.*

In re:

**ODES HO KIM,**
                                                                      *Debtor.*

Appeal from the United States Bankruptcy Court
for the Northern District of Texas
*Honorable Harlin D. Hale, presiding*
Bankruptcy Case No. 07-36293-HDH-11; Adversary Proceeding 08-03440

**REPLY BRIEF OF APPELLANT, CHONG ANN KIM**

Charles L. Perry
State Bar No. 15799900
Monica S. Blacker
State Bar No. 00796534
ANDREWS KURTH LLP
1717 Main Street, Suite 3700
Dallas, Texas 75201
Telephone:  (214) 659-4400
Facsimile:   (214) 659-4401

Attorneys In Charge for Appellant,
Chong Ann Kim

## CERTIFICATE OF INTERESTED PERSONS

Chong Ann Kim, Appellant

    Charles L. Perry (Counsel for Appellant)
    Monica S. Blacker
    ANDREWS KURTH LLP
    1717 Main Street, Suite 3700
    Dallas, Texas 75201

Odes Ho Kim, Debtor in Possession, Appellee

    Gerrit M. Pronske (Counsel for Debtor/Appellee)
    Rakhee V. Patel
    Christina W. Stephenson
    PRONSKE & PATEL, P.C.
    2200 Ross Avenue, Suite 5350
    Dallas, Texas 75201

Dome Entertainment Center, Inc., Intervener, Appellee.

    Howard Marc Spector (Counsel for Intervener/Appellee)
    Nathan M. Johnson
    HOWARD MARC SPECTOR, P.C.
    12770 Coit Rd., Suite 1100
    Dallas, Texas 75251

# TABLE OF CONTENTS

Certificate of Interested Persons ................................................................................ i

Table of Contents ...................................................................................................... ii

Table of Authorities ................................................................................................. iii

Introduction ...............................................................................................................1

Argument...................................................................................................................1

    I.    Statutes and case law that make joint-management community roperty part of the bankruptcy estate do not affect Mrs. Kim's homestead right. ...........................................................................................................1

    II.    Provisions in the Bankruptcy Code that govern the debtor's rights and exemptions do not govern the rights of a non-debtor spouse..........................3

    III.   *Rogers, Heggen*, and other cases Domes cites, if anything, support Mrs. Kim's homestead right. ......................................................................4

    IV.   Dome attempts to circumvent a clear policy decision in Texas law. ..............7

Conclusion ................................................................................................................8

## TABLE OF AUTHORITIES

**FEDERAL CASES**

*Bradley v. Pacific Southwest Bank*,
 960 F.2d 502 (5th Cir. 1992) ................................................................7, 8

*In re Duncan*,
 294 B.R. 339 (BAP 10th Cir. 2003) ..............................................................6

*In re Lang*,
 191 B.R. 268 (Bankr. D. Puerto Rico 1995) ...............................................2

*In re McCombs*,
 No. 06-35891, 2007 Bankr. LEXIS 4264 (Bankr. S.D. Tex. Dec. 17, 2007) ...................................................................................................4

*Owen v. Owen*,
 500 U.S. 305 (1991) ..........................................................................3, 5, 6

*In re Rogers*,
 513 F.3d 212 (5th Cir. 2008) ...................................................................4, 5

*United States v. Rodgers*,
 461 U.S. 677 (1983) ....................................................................................2

*In re Walsh*,
 359 B.R. 389 (Bankr. D. Mass. 2007) .........................................................1

**STATE CASES**

*Franklin v. Coffee*,
 18 Tex. 413 (1857) ......................................................................................7

*Heggen v. Pemelton*,
 836 S.W.2d 145 (Tex. 1992) .......................................................................5

**FEDERAL STATUTES**

11 U.S.C. § 541(a)(2) ...................................................................................2, 3

11 U.S.C. § 522(p) .......................................................................................3, 7

DAL:764574.2

**INTRODUCTION**

In its response brief, Dome Entertainment Center makes three critical errors:

- Dome confuses homestead rights with community property rights. The two are distinct.

- Dome assumes that provisions of the Bankruptcy Code defining the debtor's rights automatically apply to the debtor's spouse as well. They do not.

- Dome takes cases that protect the homestead right and attempts to extract principles that harm the homestead right. These cases, taken in context, do not support Dome's anti-homestead position.

Except for two conflicting bankruptcy court cases, the question of whether the Bankruptcy Code undoes the homestead right of a non-debtor spouse is an issue of first impression. Guiding case law shows that Texas grants the homestead strong protection that federal law does not purport to unmake. The pro-homestead reasoning of *In re Walsh*, 359 B.R. 389 (Bankr. D. Mass. 2007), therefore presents the correct result for the Court to follow.

**ARGUMENT**

I. **Statutes and case law that make joint-management community property part of the bankruptcy estate do not affect Mrs. Kim's homestead right.**

Mrs. Kim's community property rights and her homestead right are not the same thing. The homestead right is a distinct protection created by the Texas Constitution that keeps Mrs. Kim from losing her home to creditors regardless of whether the home is her separate property, her community property, or the separate

1

property of her husband.  *See United States v. Rodgers*, 461 U.S. 677, 685 (1983).  In this appeal, Mrs. Kim is not claiming that she should keep possession of community property that is under the sole or joint management of her husband— she is claiming a right to keep living in her homestead.

The law that Dome cites is not applicable.  Dome points to 11 U.S.C. § 541(a)(2), which provides that the community property of the debtor and the debtor's spouse that is "under the sole, equal, or joint management and control of the debtor" becomes part of the bankruptcy estate.[1]  Mrs. Kim's homestead interest is not under the "sole, equal, or joint management and control of the Debtor." Rather, Mrs. Kim has "a separate and undivided possessory interest in the homestead," which vests independently in Mrs. Kim, and which cannot be compromised by her husband.  *Rodgers*, 461 U.S. at 685-86.  Thus, her homestead interest does not become property of the estate under 11 U.S.C. § 541(a)(2).

Dome also cites *In re Lang*, 191 B.R. 268 (Bankr. D. Puerto Rico 1995), an inapplicable case dealing with the treatment of community property under the Bankruptcy Code.  *In re Lang* contains no discussion at all of the homestead right, which is the right Mrs. Kim asserts here.

Because Dome treats the homestead right as if it were the same thing as a community property right, Dome believes that the Bankruptcy Code deals with

---

[1] Dome's Response at p. 6-7.

2

Mrs. Kim's homestead rights and therefore preempts state law on the issue. To the contrary, the Bankruptcy Code's treatment of community property says nothing about Mrs. Kim's homestead rights. Because there is no conflict between section 541(a)(2) and Mrs. Kim's homestead right, there can be no direct preemption of Mrs. Kim's state-law rights.

II. **Provisions in the Bankruptcy Code that govern the debtor's rights and exemptions do not govern the rights of a non-debtor spouse.**

Just as section 541(a)(2) has no bearing on Mrs. Kim's homestead right, section 522(p)—the section dealing with a debtor's homestead exemption—has no bearing on Mrs. Kim's homestead right. Throughout its brief, Dome commits the classic logical error of assuming what it is trying to prove. Dome assumes that section 522(p) controls Mrs. Kim's homestead right and then concludes that Mrs. Kim has no protected homestead right because section 522(p) does not give her one. Section 522 exemptions are addressed to the debtor: "An exemption is an interest withdrawn from the estate (and hence from the creditors) for the benefit of the debtor. Section 522 determines what property a debtor may exempt." *Owen v. Owen*, 500 U.S. 305, 308 (1991). Section 522(p), by its own terms, governs the rights of the debtor by specifying what "a *debtor* may not exempt." (Emphasis supplied.) Whether the debtor, Mr. Kim, should be allowed a larger exemption is not at issue here.

3

Dome says that the Bankruptcy Code does not allow Mrs. Kim any exemptions, but Mrs. Kim is not arguing that she should be entitled to a bankruptcy exemption. Mrs. Kim is not bankrupt. Mrs. Kim argues that the Bankruptcy Code does not reach out beyond the debtor and creditors involved in the bankruptcy to curtail the rights of individuals who are not part of the bankruptcy. Dome's argument that changes in the Bankruptcy Code allow creditors now to reach property that state law previously prevented them from reaching is beside the point. While those changes may increase the reach of the creditor over the debtor, they do not increase the reach of the creditor over third parties.

The only authority that supports Dome's position that the amendments to the Bankruptcy Code can destroy the homestead rights of a non-party to the bankruptcy is the unpublished case, *In re McCombs*, No. 06-35891, 2007 Bankr. LEXIS 4264 (Bankr. S.D. Tex. Dec. 17, 2007). That case is not precedent and does not relieve the Court of its responsibility to consider anew the assumptions and conclusions that led to that decision.

### III.    *Rogers, Heggen*, and other cases Domes cites, if anything, support Mrs. Kim's homestead right.

Dome cites various cases for the premise that Mrs. Kim does not have a protectable homestead right that can stand up against the interest of her husband's creditors, but these cases, if anything, show the opposite. Dome cites *In re Rogers*,

4

513 F.3d 212, 224 (5th Cir. 2008), for the premise that the homestead right is not a vested economic right and therefore provides no basis for compensation.[2] As Mrs. Kim explained in her opening brief, the holding in *In re Rogers* concerned property that the debtor had owned for many years, but had only claimed as a homestead for a short time. The court found that the homestead cap in the Bankruptcy Code did apply and that the debtor could exempt the entire property. *Id.* at 223-227. This holding, which interprets the Bankruptcy Code through the lens of protecting the homestead right as much as possible, does not act to curtail that right in other circumstances.

*Heggen v. Pemelton*, 836 S.W.2d 145 (Tex. 1992), the case that originated the language from *In re Rogers* that Dome cites, is another case demonstrating the strength of the homestead right. In that case, the Texas Supreme Court affirmed the priority of the homestead right over the court's obligation to make a just and right division of marital property upon divorce. *Id.* at 146-147. *Heggen*, like *In re Rogers*, demonstrates the strength of the homestead right even in the face of other compelling rights.

Dome cites *Owen* for the premise that federal law, not state law, governs Mrs. Kim's property rights once bankruptcy begins.[3] First, *Owen* says nothing

---

[2] Dome's Response at p. 11.

[3] Dome's Response at p. 12.

about the Code's reach over a non-debtor spouse. Second, if *Owen* establishes anything about the relationship between state and federal homestead rights it is that federal law will govern where federal law provides broader protection. *See id.* at 313-14 ("[W]e conclude that Florida's exclusion of certain liens from the scope of its homestead protection does not achieve a similar exclusion from the Bankruptcy Code's lien avoidance provision.").

Dome cites *In re Duncan* for the premise that a non-debtor spouse may not exempt property,[4] but *Duncan* does not support Dome's position that Mrs. Kim has no rights separate from her husband's. To the contrary, the court in that case recognized the distinction between the debtor's homestead exemption and the non-debtor spouse's homestead right, saying: "Ms. Duncan is not attempting to claim a homestead exemption on behalf of the debtor; she is asserting the claim in her own right." *In re Duncan*, 294 B.R. 339, 344 (BAP 10th Cir. 2003). The flaw in Ms. Duncan's position was that she did not have the requisite ownership interest under Wyoming law. *Id.* at 344. Wyoming, unlike Texas, premises homestead protection on an ownership interest. *Id.* The *Duncan* decision stands only for the proposition that under Wyoming law, Ms. Duncan had no homestead right to protect. It does not suggest that a person with a state-law homestead right can lose that right because her spouse enters bankruptcy.

---

[4] Dome's Response at p. 10. As already discussed, Dome mistakes the homestead right Mrs. Kim asserts with a bankruptcy "exemption."

6

## IV. Dome attempts to circumvent a clear policy decision in Texas law.

Dome states that "[i]f the Debtor's homestead right in community property is extinguished, so must be the homestead right of the non-debtor spouse."[5] This outcome is exactly what the Texas Constitution set out to prevent. Dome's reasons? "If the law were to operate as Mrs. Kim argues, section 522(p)'s intended purpose of closing the mansion loophole could be defeated by any married couple who files an individual bankruptcy rather than a joint bankruptcy."[6] (Dome overlooks the obvious drawback to such a scheme—that the non-filing spouse's debts are not discharged.) Dome's argument makes closing the mansion loophole the top policy priority. The goal of preventing such abuse, however important, must be weighed against the principles that underlie the homestead protection itself.

From its founding, Texas adopted a strong homestead right to protect the welfare of its citizens: "As it did in the dawning days of the state, the homestead exemption in Texas continues to 'protect citizens and their families from the miseries and dangers of destitution.'" *Bradley v. Pacific Southwest Bank*, 960 F.2d 502, 505 (5th Cir. 1992) (quoting *Franklin v. Coffee*, 18 Tex. 413, 415-16 (1857)). Dome seeks to defeat this protection. Dome suggests a scenario where a husband

---

[5] Dome's Response at p. 11.

[6] Dome's Response at p. 15.

and wife conspire to defraud their creditors, but Dome's proposed solution opens the door to worse abuse. Under Dome's interpretation, any judgment creditor could circumvent state homestead protections for the judgment debtor's innocent spouse and family by forcing the debtor into bankruptcy.

Texas has made its choice to place safeguarding homesteads above preventing fraud. *Bradley*, 960 F.2d at 507. The Bankruptcy Code must not be interpreted unnecessarily to undo this choice.

## CONCLUSION

Texas state law governs Mrs. Kim's homestead right and gives her strong protection. The Bankruptcy Code does not defeat this protection.

> Respectfully submitted,
>
> **ANDREWS KURTH LLP**
>
> By: /s/ Charles L. Perry
>     Charles L. Perry
>     State Bar No. 15799900
>     Monica S. Blacker
>     State Bar No. 00796534
>     1717 Main Street, Suite 3700
>     Dallas, Texas  75201
>     Telephone: (214) 659-4681
>     Facsimile: (214) 659-4894
>
> **ATTORNEYS FOR APPELLANT CHONG ANN KIM**

## CERTIFICATE OF SERVICE

This is to certify that on April 26, 2010, a true and correct copy of the foregoing document was served via ECF on the following counsel of record:

| | |
|---|---|
| Gerrit M. Pronske | Howard Marc Spector |
| Rakhee V. Patel | Nathan M. Johnson |
| Christina W. Stephenson | Howard Marc Spector, P.C. |
| Pronske & Patel, P.C. | 12770 Coit Rd., Suite 1100 |
| 2200 Ross Avenue, Suite 5350 | Dallas, Texas  75251 |
| Dallas, Texas  75201 | |

/s/ Charles L. Perry _____
Charles L. Perry

9

DAL:764574.2

# CERTIFICATE OF COMPLIANCE

Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type-Style Requirements

1.  This brief complies with the type-volume limitation of FED. R. APP. P. 32(a)(7)(B) because:

    ☑   this brief contains 1,791 words, excluding the parts of the brief exempted by FED. R. APP. P. 32(a)(7)(B)(iii), or

    ☐   this brief uses a monospaced typeface and contains _____ lines of text, excluding the parts of the brief exempted by FED. R. APP. P. 32(a)(7)(B)(iii).

2.  This brief complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type-style requirements of FED. R. APP. P. 32(a)(6) because:

    ☑   this brief has been prepared in a proportionally spaced typeface using Word 2003 in 14-point Times New Roman, or

    ☐   this brief has been prepared in a monospaced typeface using _____ with _____.


/s/ Charles L. Perry
Charles L. Perry
Attorney for Appellant

Dated: April 26, 2010

10

DAL:764574.2